UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN STATE A. PHILIP RANDOLPH
INSTITUTE, COMMON CAUSE,
MARY LANSDOWN, ERIN COMARTIN
and DION WILLIAMS,

Plaintiffs,

v.

RUTH JOHNSON, in her official capacity
as Michigan Secretary of State,

Defendant.

_____/

Case No. 16-cv-11844

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

## **ORDER FOR PRELIMINARY INJUNCTION**

The Court having reviewed the Complaint, the Motion for Preliminary Injunction, the Brief in Support, the Defendant's Response in Opposition and the Reply in Support, along with all the exhibits attached to the pleadings filed by Plaintiffs; and consistent with this Court's Order Granting Plaintiff's Motion for Preliminary Injunction entered on July 21, 2016;

IT IS HEREBY ORDERED that:

(1)     Defendant is hereby temporarily restrained and enjoined, directly or indirectly, from:

     (a)     Enforcing Public Act 268 in any manner that prevents Michigan citizens from exercising the option to use straight-party voting.

-1-

(2)     The Court finds that:

    (a)     P.A. 268 disproportionately burdens the right to vote of African Americans. The espoused state interests do not justify the burden, and thus P.A. 268 is likely unconstitutional. Furthermore, P.A. 268 disparately impacts the African-American community by lengthening the time necessary to complete a ballot, and thus creating longer lines at polling places and reducing voter access to the polls. Therefore, P.A. 268 is also likely in violation of Section 2 of the Voting Rights Act.

    (b)     It is satisfied based on the evidence presented that it clearly appears from the specific facts shown by the Complaint that immediate and irreparable injury will result to Plaintiffs, should this Preliminary Injunction not issue.

    (c)     This Order for Preliminary Injunction has been entered after the issues were fully briefed and argued on July 14, 2016 because irreparable harm to Plaintiffs if a Preliminary Injunction is denied outweighs the harm to Defendant if it is granted. Further, the public interest in protecting the right to vote and preserving the status quo justifies the issuance of this Order.

(3)     In accordance with Federal Rule of Civil Procedure 65(c), the Court may, in its discretion, require Plaintiffs to give security in an amount that the Court considers proper to pay the costs and damages sustained by Defendant if found to have been wrongfully enjoined. *Moltan Co. v. Eagle-Picher Industries, Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995). However, the Court finds Defendants will not be damaged by the preliminary injunction. Accordingly, the Court declines to require security.

(4)     This Preliminary Injunction shall remain in full force and effect until further order of this Court.

IT IS SO ORDERED.

Dated: August 1, 2016                    s/Gershwin A. Drain
                                         GERSHWIN A. DRAIN
                                         United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon

counsel of record and any unrepresented parties via the Court's ECF System to

their respective email or First Class U.S. mail addresses disclosed on the Notice of

Electronic Filing on **August 1, 2016.**

                                         s/Shawna Burns on behalf of Tanya R. Bankston
                                         TANYA R. BANKSTON
                                         Case Manager & Deputy Clerk

-3-