UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M‍ICHIGAN S‍TATE A. P‍HILIP R‍ANDOLPH
I‍NSTITUTE, C‍OMMON C‍AUSE,
M‍ARY L‍ANSDOWN, E‍RIN C‍OMARTIN, and
D‍ION W‍ILLIAMS,

    Plaintiffs,

v.

R‍UTH J‍OHNSON, in her official capacity
as Michigan Secretary of State,

    Defendant.
_____/

Case No. 16-cv-11844

U‍NITED S‍TATES D‍ISTRICT C‍OURT J‍UDGE
G‍ERSHWIN A. D‍RAIN

U‍NITED S‍TATES M‍AGISTRATE J‍UDGE
M‍ONA K. M‍AJZOUB

**O‍PINION AND O‍RDER D‍ENYING D‍EFENDANT'S M‍OTION TO S‍TAY P‍RELIMINARY
I‍NJUNCTION [29]**

**I. I‍NTRODUCTION**

Before the Court is the Defendant's Emergency Motion to Stay the Court's Preliminary Injunction, filed on July 29, 2016. Dkt. No. 29. On August 3, 2016, the Court ordered responsive pleadings to be filed. *See* Dkt. No. 34. The matter is fully briefed. For the reasons discussed below, the Defendant's Motion is **DENIED**.

**II. B‍ACKGROUND**

On January 5, 2016, Public Act 268 ("P.A. 268"), which eliminated straight-party voting from the ballot, was signed into law by the Governor of the State of

Michigan, Rick Snyder. On May 24, 2016, the Plaintiffs filed a complaint, claiming that the law violated the Voting Rights Act, and the Equal Protection Clause of the United States Constitution. *See* Dkt. No. 1. On May 27, 2016, the Plaintiffs filed a Motion for Preliminary Injunction. Dkt. No. 4.

Upon analyzing the Plaintiffs' Motion, the facts before the Court established that African-American voters use straight-party voting at a higher rate than white voters do. From this, it was concluded that eliminating straight-party voting would disproportionately increase wait times for voters in predominantly African-American communities as more people would have to take more time to vote. Therefore, it was held that P.A. 268 created a disproportionate burden on the right to vote of African-American voters in violation of the Voting Rights Act and the Equal Protection Clause of the Fourteenth Amendment. The Court's reasoning was detailed in its July 21, 2016 Opinion and Order Granting Plaintiffs' Motion for Preliminary Injunction. *See* Dkt. No. 24. The next day, on July 22, 2016, the Court issued an Amended Opinion and Order, adding Plaintiff Common Cause to the caption. *See* Dkt. No. 25.

The Defendant filed Notice of Appeal on July 25, 2016. *See* Dkt. No. 27. On July 29, 2016, the Defendant filed an Emergency Motion to Stay the Preliminary Injunction. Dkt. No. 29. On August 1, 2016, the Court issued an Order for

Preliminary Injunction on the matter. Dkt. No. 30. The same day, the Defendant filed a supplemental brief asking to stay the August 1, 2016 Order. Dkt. No. 32.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 62(c) authorizes a district court to stay or modify an injunction pending appeal. Fed. R. Civ. P. 62(c) ("While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.").

In determining whether to grant a stay, the Court must weigh the same four factors that are considered when determining whether to grant an injunction. *See Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). "These well-known factors are: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Id*. "All four factors are not prerequisites but are interconnected considerations that must be balanced together." *Id*.

There is generally a higher burden that must be satisfied by a party seeking a stay than one seeking a preliminary injunction. *Id*. Although the "movant need not always establish a high probability of success on the merits," the movant "must

ordinarily demonstrate to a reviewing court that there is a likelihood of reversal." *Id*. There is an inverse relationship between the amount of harm that the movant will suffer absent the stay, and the probability of success the movant must demonstrate. *Id*. At the bare minimum, the movant must show "serious questions going to the merits." *Id*. at 154 (quoting *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)). The following three factors are considered in evaluating the harm that will occur absent a stay: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided. *Id*.

## IV. DISCUSSION

### A. Procedural Arguments

Defendant first argues that the preliminary injunction should be stayed because the Court's Order was procedurally improper. Defendant argues that the Court's original opinion and order [24] was not in compliance with Federal Rule of Civil Procedure 65. Next, Defendant argues that the Court's latter Order [30] did not comply with Federal Rule of Civil Procedure 60. Finally, Defendant argues that the matter should be stayed because of due process concerns regarding the evidence considered by the Court.

-5-

*a. Rule 65*

Defendant argues that the Court's first Order was in violation of Rule 65(c) and Rule 65(d)(1) of the Federal Rules of Civil Procedure. Neither of these arguments, however, are an appropriate basis to stay a preliminary injunction.

Rule 65(c) states that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). However, in this Circuit, this Rule has long been discretionary. *Moltan Co. v. Eagle-Picher Industries, Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995) ("While we recognize that the language of Rule 65(c) appears to be mandatory, and that many circuits have so interpreted it, the rule in our circuit has long been that the district court possesses discretion over whether to require the posting of security."). Accordingly, this argument fails.

Rule 65(d)(1) states that "[e]very order granting an injunction and every restraining order must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Defendant asserts that the Court's original opinion failed to meet the latter two prongs of Rule 65(d)(1).

Rule 65 was designed "to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *Owner-Operator Independent Drivers Ass'n*, 124 F.3d 199 (Table), 1997 WL 525411 (6th Cir. August 21, 1997). Accordingly, any injunction must "describe in reasonable detail . . . the act or acts sought to be restrained." *Id.* (quoting *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974)).

The Court's original opinion was reasonably clear enough to communicate that the State was enjoined from enforcing Public Act 268 in any manner that would prohibit straight-party voting. *Michigan State A. Philip Randolph Institute v. Johnson*, 2016 WL 3922355, *10 (E.D. Mich. July 21, 2016) ("Here, as discussed *supra*, Plaintiffs have demonstrated that African-Americans are more likely to use straight-party voting than white voters, and "its elimination will disproportionately affect African-American voters."). Nevertheless, any confusion or ambiguity in the Court's original order was dispelled in the Court's August 1, 2016 Order. *See* Dkt. No. 30.

   b. *Rule 60*

Defendant next argues that the Court's August 1, 2016 Order [30] was improperly issued under Federal Rule of Civil Procedure 60(a). Dkt. No. 32 at 12 (Pg. ID No. 852). Defendant argues that once the notice of appeal was filed, the

Court no longer had jurisdiction to enforce the preliminary injunction. *Id.* However, Defendant's argument stands in contrast with Rules 60(a) and 62.

> Rule 60(a) provides that
>
> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982); *see also United States v. Garcia–Robles,* 562 F.3d 763, 767–68 (6th Cir. 2009). This transfer of power, however, does not effect a total divestiture of jurisdiction from the district court . . . to enforce its judgment. *City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir. 2007). The district court is only not allowed to expand or alter its judgment. *Id.*

Here, there was no such expansion. The Court merely issued its subsequent Order for Preliminary Injunction as a tool for enforcement. The Defendant's Motion for Stay indicated that it was unsure of how to comply with the Court's original Order. *See* Dkt. No. 29 at 17 (Pg. ID No. 813) ("There are multiple sections and aspects of P.A. 268, and the Court's order is silent as to whether P.A.

268 is enjoined in its entirety or whether only certain sections cannot be implemented."). The Court's August 1, 2016 Order merely remedied the Defendant's confusion in order to effect its enforcement. Its issuance was therefore, outside the scope of Rule 60(a)'s limitations.

Additionally, the Court's action falls squarely within the authorization of Federal Rule of Civil Procedure 62. Rule 62 provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62. Accordingly, the Court's August 1, 2016 Order was valid under the Federal Rules.

### c. Evidentiary Issues

The Defendant next argues that the Court should stay the injunction because the Court erred in its handling of evidentiary matters. First, Defendant argues that the Court erred in not allowing the Defendant an opportunity to challenge the Plaintiffs' expert report of Kurt Metzger. Dkt. No. 29 at 18 (Pg. ID No. 814). Second, the Defendant argues that the Court erred in citing to outside sources in its analysis. *Id.* at 20 (Pg. ID No. 816). These arguments are without merit.

i. Kurt Metzger's Report

Defendant apparently believes they were due a *Daubert* hearing to challenge the Report of Mr. Metzger. *Id.* at 19 (Pg. ID No. 815). Defendant provides no authority for this position. Moreover, *Daubert* hearings are typically only found to be necessary when there is a jury. The risks associated with expert reports are not present when the judge is the fact-finder. *Robert B. Miller & Associates, Inc. v. American Commercial Lines LLC*, No. 5:09-cv-217, 2011 WL 3714777, *2 (W.D. Ky. August 23, 2011) (citing *United States v. Demjanjuk*, 367 F.3d 623, 633 (6th Cir. 2004)). The Court need only concern itself with the expert's reliability. In the present case, the Court took into consideration Mr. Metzger's background and methodology, and concluded that his analysis was reliable. No *Daubert* hearing was needed.

Furthermore, the Defendant had plenty of opportunity to challenge the report of Mr. Metzger. The Plaintiffs submitted Metzger's report with the Complaint on May 24, 2016. *See* Dkt. No. 1. Defendant had seven weeks to challenge Metzger's conclusions. However, instead of presenting a counter expert or filing a timely request for limited discovery, the Defendant chose to wait until the eve of the hearing on the preliminary injunction to request an opportunity to challenge the report. The Court's reasons for denying the Defendant's request were explained in detail in its Amended Opinion and Order. *See Michigan State A. Philip Randolph*

*Institute*, 2016 WL 3922355 at *6. Those reasons are as valid now as they were then.

### ii. Judicial Notice

Defendant next argues that the Court's citations to news articles violated due process. Dkt. No. 29 at 20 (Pg. ID No. 816). The Court did not cite to outside sources when it found that Public Act 268 violated the Equal Protection Clause. *Michigan State A. Philip Randolph Institute*, 2016 WL 3922355 at *9. For this reason alone, the request for a stay on this basis can be denied. However, the Defendant's argument regarding the Court's citation to news articles in its discussion of Plaintiffs' Voting Rights Act claim is also without merit.

When considering the *Gingles* factors, the Court cited to several outside sources in its discussion of two of the factors. First, when finding that Factor 6 (whether political campaigns have been characterized by overt or subtle racial appeals) favored the Plaintiffs. *Michigan State A. Philip Randolph Institute*, 2016 WL 3922355 at *11–12. Then a second time when finding that Factor 8 (whether there has been a significant lack of responsiveness on the part of elected officials to the needs of minorities) *favored the Defendant*. *Id.* at *13. Nothing about this was improper.

Federal Rule of Evidence 201 permits judges to take judicial notice of facts "not subject to reasonable dispute in that [they are] either (1) generally known

within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." *Lyons v. Lafler*, No. 2:10-cv-11386, 2011 WL 836753, *2 (E.D. Mich. March 9, 2011) (citing FED. R. EVID. 201(a) and (b)). "A high degree of indisputability is the essential prerequisite" of adjudicative facts.

The local news sources cited in the Opinion merely recount events that have taken place within the territorial jurisdiction of this Court. For example, this Court, located in the city of Detroit, Michigan, is more than capable of taking judicial notice of the fact that the Governor of Michigan, Rick Snyder, did in fact sign a series of bills to aid the city of Detroit through its Chapter 9 bankruptcy. Therefore, this and other like citations fall within the scope of Federal Rule of Evidence 201(b)(1).

Moreover, the accuracy of the national sources cited by the Court, such as the Wall Street Journal and the Washington Post, cannot reasonably be disputed. Particularly since they merely recounted events that have taken place in the public light (often, on camera during nationally televised events). Therefore, these and other like citations fall within the scope of 201(b)(2). Accordingly, the Defendant's request for stay on this basis also fails.

### B. Irreparable Harm

The Defendant argues that the Court should stay the injunction because they are likely to show that the Defendant, and not the Plaintiffs, are to suffer irreparable harm. Dkt. No. 29 at 22 (Pg. ID No. 818). In support of this argument, Defendant has merely re-hashed the same arguments it brought in opposing the preliminary injunction.

This Court has already ruled that the Defendant's arguments are insufficient. *Michigan State A. Philip Randolph Institute*, 2016 WL 3922355, *13–14. Under the Sixth Circuit's precedent, established in *Obama for America v. Husted*, the harm likely to be suffered by Plaintiffs should the injunction have been denied outweighs the harm suffered by the State now that the injunction has been granted. 697 F.3d 423, 436–37 (6th Cir. 2012). The balancing of these interests on Defendant's request for a stay yields the same result. Staying the injunction pending the appeal this close to the November election would likely subject Plaintiffs to the harms of P.A. 268, thus having the effect of denying the injunction in the first place. Accordingly, this factor does not weigh in the Defendant's favor.

### C. Likelihood of Success on the Merits and Public Benefit

The Defendant next argues that the injunction should be stayed because the Defendant is likely to succeed on the merits of its appeal, and a stay would benefit

the public. Once again, the Court is presented with the same arguments raised in opposition of the preliminary injunction.

For the reasons discussed in the Court's Amended Opinion and Order [25], the Court finds that the Defendant is not likely to succeed on the merits of its appeal. The Court further finds that the benefit to enforcing the P.A. 268 is not sufficient to justify the likely infringement of Plaintiffs' voting rights. Accordingly, the Defendant's request for stay is denied.

### IV. CONCLUSION

For the reasons discussed above, the Defendant's Motion to Stay the Preliminary Injunction is **DENIED**.

IT IS SO ORDERED.

Dated: August 15, 2016  
Detroit, MI

s/Gershwin A. Drain  
HON. GERSHWIN A. DRAIN  
United States District Court Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 15, 2016.

s/Teresa McGovern  
Teresa McGovern  
Case Manager & Deputy Clerk