UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN STATE A. PHILIP
RANDOLPH INSTITUTE, COMMON          No. 2:16-cv-11844
CAUSE, MARY LANSDOWN, ERIN
COMARTIN and DION WILLIAMS,          HON. GERSHWIN A. DRAIN

     Plaintiffs,                          MAG. MONA K. MAJZOUB

v                                    **DEFENDANT'S MOTION TO
                                     STRIKE AFFIDAVITS**

RUTH JOHNSON, in her official capacity
as Michigan Secretary of State,

     Defendant.
_____/

Mark C. Brewer (P35661)
Attorney for Plaintiffs
17000 West Ten Mile Road, 2nd Floor
Southfield, Michigan  48075
248.483.5000

Mary Ellen Gurewitz (P25724)
Attorney for Plaintiffs
2211 East Jefferson Avenue
Detroit, Michigan  48207
313.965.3464

Denise C. Barton (P41535)
Rock Wood (P41181)
Adam Fracassi (P79546)
Elizabeth R. Husa Briggs (P73907)
Kendell Asbenson (P81747)
Assistant Attorneys General
Attorneys for Defendant
P.O. Box 30736
Lansing, Michigan  48909
517.373.6434

_____/

## DEFENDANT'S MOTION TO STRIKE AFFIDAVITS

NOW COMES Defendant, by and through her attorneys, and moves this Court to strike the entirety of two affidavits, and a paragraph of a third affidavit, which were submitted by Plaintiffs in support of their response to Defendant's motion for summary judgment dated 11/9/17 (R. 108), pursuant to Fed. R. Civ. P. 56, 26, and 37, and as set forth more fully in the attached brief in support of this motion filed herewith:

1. Plaintiffs submitted three affidavits in support of their response to defendant's motion for summary judgment. Two of those affidavits were unsigned (R. 108-6, Anita Dawson affidavit, and R. 108-14, Lisa Brown affidavit). After the time had expired for Plaintiffs to file their response, Plaintiffs took it upon themselves to file a signed version of the Dawson affidavit (R. 109). The third affidavit (Chapman), is from a witness who was deposed, but contains a paragraph that consists of speculation and conclusory allegations, without any factual support, and should be stricken.

2. Neither of the witnesses who failed to timely file a signed affidavit, Dawson or Brown, were identified by Plaintiffs in Plaintiffs' witness lists or Rule 26 disclosures. Moreover, Brown was not made available for deposition, nor did Plaintiffs indicate that Plaintiffs would rely upon her as part of this case, or give reason why she should be deposed.

3.  The affidavits also contain supposition and hearsay, and as such, are inadmissible and should not be considered.  In addition, Ms. Brown's affidavit is irrelevant and outside the scope of discovery (containing information never raised or disclosed during discovery) and unrelated to straight party voting, as it apparently was drafted to assert a hearsay attack upon, and personal animosity towards, an individual legislator.

4.  As this Court has observed, improper affidavits should be stricken.  See *Metropolitan Life Insurance Company v Kelly,* 2017 WL  3085519 (E.D. Mich. 2017) (attached as an exhibit to the brief in support of this motion) where this Court held that unsigned affidavits do not comply with Rule 56 and are therefore not cognizable, nor are improperly filed late affidavits to be considered; and, affidavits based on hearsay are inadmissible and must be stricken, as must affidavits based upon "rumors, conclusory allegations and subjective beliefs." *Id.*  Moreover, witnesses who are not timely identified are not permitted to be called by affidavit or otherwise.  See Rules 26(a) and 37(c) (if a party fails to identify a witness as required by Rule 26, that party "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial").

5.  Pursuant to E. D. Mich. LR 7.1, the movant sought concurrence in this motion by contacting Plaintiffs' counsel on November 30, 2017, and explained the nature of the motion, but did not obtain concurrence.

Wherefore, Defendant respectfully requests that this Honorable Court strike the affidavits of Dawson and Brown in their entirety, as well as striking paragraph 4 of the Chapman affidavit, and not consider the same, and award such further relief to which Defendant may be entitled in having to bring this motion.

Respectfully submitted,

BILL SCHUETTE
Attorney General

*s/Rock Wood*
Rock Wood (P41181)
Denise C. Barton (P41535)
Adam Fracassi (P79546)
Elizabeth R. Husa Briggs (P73907)
Kendell Asbenson (P81747)
Assistant Attorneys General
Attorneys for Defendant Secretary of
  State Ruth Johnson
P. O. Box 30736
Lansing, Michigan  48909
517.373.6434
Email:  woodr5@michigan.gov
(P41181)

Dated:  November 30, 2017

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN STATE A. PHILIP
RANDOLPH INSTITUTE, COMMON          No. 2:16-cv-11844
CAUSE, MARY LANSDOWN, ERIN
COMARTIN and DION WILLIAMS,          HON. GERSHWIN A. DRAIN

      Plaintiffs,                     MAG. MONA K. MAJZOUB

v

RUTH JOHNSON, in her official capacity          **DEFENDANT'S BRIEF IN**
as Michigan Secretary of State,                 **SUPPORT OF MOTION TO**
                                                **STRIKE AFFIDAVITS**

      Defendant.           /

Mark C. Brewer (P35661)
Attorney for Plaintiffs
17000 West Ten Mile Road, 2nd Floor
Southfield, Michigan  48075
248.483.5000

Mary Ellen Gurewitz (P25724)
Attorney for Plaintiffs
2211 East Jefferson Avenue
Detroit, Michigan  48207
313.965.3464

Denise C. Barton (P41535)
Rock Wood (P41181)
Adam Fracassi (P79546)
Elizabeth R. Husa Briggs (P73907)
Kendell Asbenson (P81747)
Assistant Attorneys General
Attorneys for Defendant
P.O. Box 30736
Lansing, Michigan  48909
517.373.6434

_____/

**BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO STRIKE AFFIDAVITS**

BILL SCHUETTE
Attorney General

Rock Wood (P41181)
Denise C. Barton (P41535)
Adam Fracassi (P79546)
Elizabeth R. Husa Briggs (P73907)
Kendell Asbenson (P81747)
Assistant Attorneys General
Attorneys for Defendant
P. O. Box 30736
Lansing, Michigan  48909
517.373.6434

Dated:    November 30, 2017

# TABLE OF CONTENTS

<u>Page</u>

Table of Contents ..................................................................... i

Index of Authorities ................................................................ ii

Concise Statement of Issues Presented ................................. iii

Introduction ............................................................................ 1

Argument ................................................................................. 3

I.    Plaintiffs submitted three affidavits in support of their response to the motion for summary judgment, and each is defective in various respects, and are separately addressed below. ................................................. 3

    A.    The affidavit of Brown is improper and should be stricken. ................ 3

    B.    The affidavit of Dawson is improper and should be stricken. ............. 4

    C.    Paragraph 4 of the Chapman affidavit should be stricken. ................. 5

Conclusion and Relief Requested ............................................ 5

## INDEX OF AUTHORITIES

Page

## Cases

*Alexander v. CareSource,* 576 F.3d 551 (6th Cir. 2009)......................................2

*Metropolitan* ...........................................................................................2

*Metropolitan Life Insurance Company v. Kelly,* 2017 WL 3085519 (E.D. Mich. 2017) ...........................................................................................2

*Mitchell v. Toledo Hosp.,* 964 F. 2d 577 (6th Cir. 1992) .....................................2

*Pullins v. NWS Michigan, Inc.,* 2008 WL 11355516 (E. D. Mich. 2008)...............3

*Sfakianos v. Shelby City Gov't,* 481 Fed. Appx. 244 (6th Cir. 2012)....................2

*Smith v. Botsford Gen. Hosp.,* 419 F. 3d 513 (6th Cir. 2005) ..............................3

*Wingz & Thingz 1 v. Penn-Star Ins. Co.,* 547 Fed. Appx. 766 (6th Cir. 2013) .......2

## CONCISE STATEMENT OF ISSUES PRESENTED

1.      Should this Court strike affidavits submitted by Plaintiffs in response to Defendant's motion for summary judgment where: 1) the affidavits were unsigned; 2) from an individual who was never disclosed as a witness; 3) were not timely filed; and/or 4) are based on subjective supposition and hearsay?

Defendant answers:        Yes

# INTRODUCTION

Plaintiffs have filed improper affidavits in support of their response to Defendant's motion for summary judgment.  These affidavits are improper in several respects, including not being signed or attested to, being untimely, not being from disclosed witnesses, and/or containing irrelevant argument based on conjecture and hearsay.  It appears that Plaintiffs are determined to file affidavits contrary to the Court Rules, applicable law, and this Court's Scheduling Order. For these reasons, these affidavits should be stricken.

# BACKGROUND STATEMENT

Witness disclosures required by this Court's scheduling order, and by Rule 26, were made by Plaintiffs as follows:  This Court entered a stipulated scheduling order extending deadlines dated April 20, 2017 (R. 59), which required witnesses to be listed by June 30, 2017.  Plaintiffs disclosed two witness lists, one dated January 31, 2017 (Ex. A), and one dated June 30, 2017 (R. 60). Plaintiffs also provided Rule 26 disclosures to Defendants (Ex. B).  None of these disclosures listed Brown as a witness (nor did they list Dawson as a witness, although she was made available for deposition as a representative of Plaintiff APRI).

Defendant conducted discovery, including depositions, based upon the witnesses disclosed by Plaintiffs.  Ms. Brown was never deposed, having never been identified as a witness.

1

## APPLICABLE LAW

Affidavits should be stricken where they are improperly filed.  For example, affidavits should be stricken where:

1. The affidavit is unsigned when filed.  Affidavits must be signed and properly attested to be cognizable under Rule 56.  *Metropolitan Life Insurance Company v. Kelly,* 2017 WL 3085519 (E.D. Mich. 2017)[1], citing *Sfakianos v. Shelby City Gov't,* 481 Fed. Appx. 244, 245 (6th Cir. 2012) (unsigned affidavits do not comply with Rule 56); and *Wingz & Thingz 1 v. Penn-Star Ins. Co.,* 547 Fed. Appx. 766, 767 (6th Cir. 2013) (district court properly rejected unsigned affidavits);

2. The affidavit is untimely filed.  *Metropolitan Life, supra;* E. D. Mich. LR 7.1, setting schedule for reply to motion for summary judgment;

3. The affidavit is based on hearsay, rumors, conclusory allegations and subjective beliefs, or otherwise does not set forth "facts" that would be admissible into evidence.  *Metropolitan, supra; Mitchell v. Toledo Hosp.,* 964 F. 2d 577, 584-85 (6th Cir. 1992); *Alexander v. CareSource,* 576 F.3d 551, 560 (6th Cir. 2009)( conclusory statement unadorned with supporting facts will not permit a party to survive summary judgment);

---

[1] Unpublished cases cited herein are attached as Exhibit C.

4. The affidavit is made by a witness who was not timely disclosed in a witness list or as required by Rule 26. *Pullins v. NWS Michigan, Inc.,* 2008 WL 11355516 (E. D. Mich. 2008) (Ex. C) (exclusion is automatic and is intended to put teeth into the mandatory disclosure requirements of Rule 26, and failure to disclose cannot be considered harmless where the discovery and motion cutoff dates had passed); *Smith v. Botsford Gen. Hosp.,* 419 F. 3d 513, 517 (6th Cir. 2005) (exclusion is the Rule's primary directive).

## ARGUMENT

**I. Plaintiffs submitted three affidavits in support of their response to the motion for summary judgment, and each is defective in various respects, and are separately addressed below.**

### A. The affidavit of Brown is improper and should be stricken.

The affidavit of Brown (R. 108-14) is improper and should be stricken on multiple bases. First, the affidavit is not signed or notarized and to date, has never been signed or notarized. Second, the affidavit is based on hearsay. It contains an alleged statement/conversation by a non-party witness, with some other non-party individual. Further, the subject matter of the affidavit is not relevant, and it is outside the scope of discovery. At best, this affidavit attests to Ms. Brown's personal animosity towards another individual, and is not related to the issue of straight party voting. Instead, it reflects that Ms. Brown did not like, and was

3

unwilling to exchange greetings from, another individual.  It would appear that this alleged, unsubstantiated hearsay conversation is proffered to suggest the mental impressions, and apparently by implication, the intentions relative to a bill, of the non-party with whom she claims to have spoken some years ago, but such supposition is not admissible, nor would one legislator's after-the-fact comment be reflective of legislative intent of an earlier bill.  Finally, Ms. Brown was never disclosed as a witness (See R. 60 and Exs. A and B). As such, this affidavit should be stricken.

### B.    The affidavit of Dawson is improper and should be stricken.

The affidavit of Dawson (R. 108-6) is improper and should be stricken on multiple bases.  First, the affidavit was not signed or notarized.  Second, Plaintiffs' effort to submit a signed version (R. 109) was not timely.  The motion for summary judgment was filed on October 16, 2017, and the proposed affidavit (R. 109) was not filed until November 15, 2017, well after the 21 days permitted by E. D. Mich. LR 7.1(e).  Third, Ms. Dawson was not identified as a witness.  Fourth, the affidavit contains conclusory statements and supposition in paragraph 5, which are not substantiated by any facts.  Rather, as with so much of Plaintiffs' case before this Court, Plaintiffs proffer conclusory statements to create a fictional harm, which is both unsubstantiated and unquantified, and which assumes that certain events shall occur in the future.  This does not constitute "facts," nor is

there any foundation provided for these assumptions. Therefore, the affidavit should be stricken.

### C.      Paragraph 4 of the Chapman affidavit should be stricken.

Paragraph 4 of the Chapman affidavit should be stricken. This witness was deposed as a representative of Plaintiff Common Cause, and Plaintiffs' counsel was present. Now after the fact, the witness proffers unsubstantiated supposition in paragraph 4 of her affidavit which fails to include any facts to establish the conclusory statements set forth therein. Instead of "facts" as would be admissible under Rule 56, this paragraph consists of prognostication of what may occur in the future in Michigan, from a witness who is not even located in Michigan, and who has never voted in Michigan, all without citing a single fact to substantiate or quantify what the witness asserts "will" happen in the future, concerning a voter base of which she is not even a part. Thus, paragraph 4 of this affidavit should be stricken.

### CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above, the Dawson and Brown affidavits should be stricken in their entirety, and paragraph 4 of the Chapman affidavit should be stricken.

Respectfully submitted,

BILL SCHUETTE
Attorney General

*s/Rock Wood*
Rock Wood (P41181)
Denise C. Barton (P41535)
Adam Fracassi (P79546)
Elizabeth R. Husa Briggs (P73907)
Kendell Asbenson (P81747)
Assistant Attorneys General
Attorneys for Defendant Secretary of
    State Ruth Johnson
P. O. Box 30736
Lansing, Michigan 48909
517.373.6434
Email: woodr5@michigan.gov
(P41181)

Dated: November 30, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2017, I electronically filed the foregoing
paper with the Clerk of the Court using the ECF system which will send
notification of such filing of the foregoing document as well as via US Mail to all
non-ECF participants.

*s/Rock Wood*
Rock Wood (P41181)
P.O. Box 30736
Lansing, Michigan 48909
517.373.6434
Email: woodr5@michigan.gov
P41181

6