UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN STATE A. PHILIP RANDOLPH
INSTITUTE, MARY LANSDOWN, ERIN
COMARTIN, DION WILLIAMS and
COMMON CAUSE,

    Plaintiffs,

v.

RUTH JOHNSON, in her official capacity
as Michigan Secretary of State,

    Defendant.
_____/

Case No. 16-cv-11844

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

## <u>OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE [113]</u>

### I. Introduction

The Plaintiffs in this case, Michigan State A. Philip Randolph Institute, Mary Lansdown, Erin Comartin, Dion Williams, and Common Cause, filed an Amended Complaint on January 26, 2017. *See* Dkt. No. 56. On October 16, 2017, the Defendant—Ruth Johnson in her official capacity as Michigan Secretary of State (the "Secretary")—moved for summary judgment. *See* Dkt. No. 102. In support of their response to the summary judgment motion, the Plaintiffs attached, as relevant here, affidavits by: (1) Lisa Brown, the clerk of Oakland County, Michigan; (2) Allegra Chapman, Director of Voting and Elections and Senior Counsel to Plaintiff

Common Cause; and (3) Anita Dawson, President of Plaintiff Michigan State A. Philip Randolph Institute. *See* Dkt. Nos. 108-7, 108-14, 109.

Presently before the Court is the Defendant's Motion to Strike the Brown affidavit, paragraph four of the Chapman affidavit, and the Dawson affidavit [113]. The Secretary filed this motion on November 30, 2017, and the motion is fully briefed. *See* Dkt. No. 113. The Court will decide the motion without a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

For the reasons that follow, the Court will GRANT IN PART and DENY IN PART the Defendant's Motion to Strike [113]. The Court will grant the motion as uncontested for the Brown affidavit, and will grant the motion as to paragraph four of the Chapman affidavit. The Court will grant the motion for paragraph five of the Dawson affidavit, but will deny the motion for the remainder of that affidavit.

**II. Discussion**

Each affidavit is discussed in turn.

A. Brown Affidavit

The Secretary moved to strike the Brown affidavit, and the Plaintiffs do not oppose the Secretary's challenge. *See* Dkt. No. 115, p. 6 (Pg. ID 2709). Accordingly, the Court grants the motion as undisputed on the Brown affidavit.

B. Chapman Affidavit

The parties disagree about whether the Court should strike paragraph four of the Chapman affidavit. In this paragraph, Chapman asserts that:

> [i]f [a law eliminating straight-party voting] goes into effect the resulting voter confusion will generate more calls to the 1-866-OUR-VOTE hotline and more Common Cause workers will have to be deployed to Michigan polling sites to answer voters' questions and work with election officials. This will require Common Cause to expend additional resources in Michigan and divert the organization and its resources from other needed democracy work.

Dkt. No. 108-7, p. 3 (Pg. ID 2537). The Secretary argues that this is a conclusory statement, unsubstantiated by evidence in the affidavit. Dkt. No. 113, p. 14 (Pg. ID 2663). The Court agrees.

Under Rule 56(c)(1)(4) of the Federal Rules of Civil Procedure, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

Chapman fails to comply with this rule. She does not provide any basis in the affidavit for the conclusion that voters will be confused by the elimination of straight-party voting. Rather, she assumes that voter confusion will arise. Therefore, as the Secretary contends, this statement is conclusory. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 584–85 (6th Cir. 1992) (noting that the district court was right

to not consider an affidavit "because [the affidavit] was not made on personal knowledge and did not set forth 'facts' that would be admissible into evidence.")

Based on the above, the Court will grant the Defendant's Motion to Strike paragraph four of the Chapman affidavit.

C. Dawson Affidavit

On November 9, 2017, in conjunction with their response to the Defendant's summary judgment motion, the Plaintiffs filed an unsigned affidavit by Dawson. *See* Dkt. No. 108-6. The Plaintiffs submitted on November 15, 2017 an amended version of the affidavit, this time signed by Dawson. *See* Dkt. No. 109. The amended version is at issue in this motion,[1] and the Court will strike only paragraph five of this affidavit.

The Court will strike paragraph five of the affidavit because, like paragraph four of the Chapman affidavit, this section contains conclusory statements that are not compliant with Rule 56(c)(1)(4). Specifically, Dawson provided that:

> [i]f [a law eliminating straight-party voting] goes into effect the resulting voter confusion and longer times to complete the ballot at African-American polling places will require more work by APRI to answer questions and educate voters, and will result in more calls to our

---

[1] The Secretary challenges the unsigned affidavit, but the Plaintiffs do not defend this affidavit and attempted to cure its deficiency by filing an amendment. *See Sfakianos v. Shelby City Gov't*, 481 F. App'x 244, 245 (6th Cir. 2012) (determining that "affidavits must be signed and properly attested to be cognizable under Rule 56." (citing *Nassif Ins. Agency, Inc. v. Civic Prop. & Cas. Co.*, No. 03–2618, 2005 WL 712578, at *3 (6th Cir. Mar. 30, 2005))).

4

> war room. All of this will require APRI to raise and expend additional resources to assist African-American voters in Michigan.

Dkt. No. 109, p. 3 (Pg. ID 2642). This language contains the same flaw as the contested language in the Chapman affidavit; it assumes that voters will be confused about the elimination of straight-party voting without any basis in the affidavit. *Id.*

The Defendant unconvincingly argues that the entire affidavit is improper because it was untimely filed and the Plaintiffs did not include Dawson on their witness list. *See* Dkt. No. 113, pp. 2, 13 (Pg. ID 2651, 2662).

Rule 37(c)(1) of the Federal Rules of Civil Procedure establishes that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Any failure here by Plaintiffs was harmless. First, although the signed affidavit was untimely filed, this did not prejudice the Secretary. The unsigned version was timely filed and the signed affidavit was filed several weeks before the Defendant was required to submit a reply brief on the summary judgment motion.

Second, even though Dawson was not listed as a witness, the Secretary deposed her and even cited testimony from her deposition in the Motion for

5

Summary Judgment. *See* Dkt. 102, p. 20 (Pg. ID 1777). The Defendant should hardly have been surprised, then, when the Plaintiffs filed the Dawson affidavit. *See, e.g., Dixon Lumber Co., Inc. v. Austinville Limestone Co., Inc.*, 256 F. Supp. 3d 658, 669 (W.D. Va. 2017) (concluding that "since [the plaintiff] deposed all three witnesses and relies extensively on their deposition testimony in support of its own motion for summary judgment [the defendant's] reliance on this same evidence could not have surprised or otherwise prejudiced [the plaintiff].").

Therefore, the Court will not strike the entire Dawson affidavit; only paragraph five of this affidavit is improper.

### III. Conclusion

For the reasons stated herein, the Court will GRANT IN PART and DENY IN PART the Defendant's Motion to Strike [113]. The Court will grant the motion as uncontested for the Brown affidavit, and will grant the motion as to paragraph four of the Chapman affidavit. The Court will deny the motion on the Dawson affidavit, except as to paragraph five. The Court will grant the motion for paragraph five of the Dawson affidavit.

IT IS SO ORDERED.

Dated:  January 19, 2018  /s/Gershwin A. Drain
　　　　　　　　　　　　　　　　　　　　GERSHWIN A. DRAIN
　　　　　　　　　　　　　　　　　　　　United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 19, 2018, by electronic and/or ordinary mail.
<u>/s/ Tanya Bankston</u>
Deputy Clerk