UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN STATE A. PHILIP RANDOLPH
INSTITUTE, MARY LANSDOWN, ERIN
COMARTIN, DION WILLIAMS and
COMMON CAUSE,

    Plaintiffs,

v.

RUTH JOHNSON, in her official capacity
as Michigan Secretary of State,

    Defendant.
_____/

Case No. 16-cv-11844

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

## OPINION AND ORDER OVERRULING IN PART AND SUSTAINING IN PART DEFENDANT'S EVIDENTIARY OBJECTIONS [130, 131, 132]

**I.    Introduction**

On January 30, 2018, in anticipation of trial, the Court scheduled a hearing date for any evidentiary objections. *See* Dkt. No. 128. Then, on February 12, 2018, the Defendant—Ruth Johnson in her official capacity as Michigan Secretary of State (the "Secretary")—filed three evidentiary motions regarding Plaintiffs' proposed trial exhibits. *See* Dkt. Nos. 130–132. The Plaintiffs did not object to any of the Secretary's evidence.

The Defendant filed Motions to Strike Plaintiffs' expert witnesses Professor Daphne Ntiri and Dr. Theodore Allen, or alternatively, objections to these experts'

reports. *See* Dkt. Nos. 130–31. The Defendant also filed a motion objecting to other of Plaintiffs' trial exhibits, including news articles and deposition testimony from current or former Michigan State legislators. *See* Dkt. No. 132. The Plaintiffs responded to these motions on February 16, 2018, and the Defendant has not submitted a reply. *See* Dkt. Nos. 135–37.

Presently before the Court are the Defendant's Motions to Strike, or objections to the expert reports of, Plaintiffs' expert witnesses Professor Ntiri and Dr. Allen [130, 131], and the Defendant's evidentiary objections [132]. The Court will decide these motions without a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons detailed below, the Court holds that all of the contested evidence is admissible, except for a December 2017 Detroit Free Press article. The Court will SUSTAIN the Defendant's objection on this December 2017 article. As for the other evidence, however, the Court will DENY the Secretary's Motions to Strike two of Plaintiffs' expert witnesses and will OVERRULE the Secretary's evidentiary objections.

## II. Discussion

The Secretary raises three categories of objections to the Plaintiffs' offered evidence. First, she moves to strike, and objects to testimony by, Plaintiffs' expert witnesses Professor Ntiri and Dr. Allen. Dkt. Nos. 130, 131. Second, she opposes the admission of several news articles. *See* Dkt. No. 132. Third, and finally, she

2

objects to deposition testimony (and related exhibits) from certain current or former Michigan State legislators. *See id.*

The Court will address each category of objection in turn.

A. Expert Witnesses

The Defendant opposes the introduction of testimony, expert reports, or both from Plaintiffs' expert witnesses Professor Ntiri and Dr. Allen. *See* Dkt. Nos. 130, 131. Relying on *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), the Secretary first contends that Ntiri lacks knowledge of voting procedures and regulations, and therefore, is not qualified to offer expert testimony. Dkt. No. 130, pp. 2–3 (Pg. ID 2857–58). Second, she maintains that Dr. Allen's analysis is inadmissible under Federal Rule of Evidence 702 because his findings are not "based on sufficient facts or data" and are not "the product of reliable principles and methods." *See* Dkt. No. 131, pp. 17–18 (Pg. ID 2965–66). The Court is unpersuaded.

As the Plaintiffs correctly observe, *Daubert* is intended to shield juries from unreliable and misleading expert testimony. It does not have the same force in bench trials. Indeed, "[t]he 'gatekeeper' doctrine was designed to protect juries and is largely irrelevant in the context of a bench trial." *Deal v. Hamilton Cty. Bd. of Ed.*, 392 F.3d 840, 852 (6th Cir. 2004). "[T]he very reason for suspending the Rules of Evidence in [suppression] hearings in the first place," the Sixth Circuit

3

emphasized, "is to allow the impartial judge, who is less prone to persuasion by misleading expert testimony than a jury, to weigh the competing evidence offered by the parties." *United States v. Stepp*, 680 F.3d 651, 669 (6th Cir. 2012) (citing *Deal*, 392 F.3d at 852). Even more recently, a district court in the Sixth Circuit determined that "[i]n the context of a bench trial, however, *Daubert* and its progeny are largely irrelevant[.]" *Ne. Ohio Coal. for the Homeless v. Husted*, Case No. 2:06-cv-896, 2016 WL 1047130, at *1 (S.D. Ohio Mar. 16, 2016) (citing *Deal*, 392 F.3d at 852). As a result, that court concluded it would "exercise its discretion to consider what amount of weight to give whatever expert opinion." *Id.* (citing *Deal*, 392 F.3d at 852).

The proper course of action for this Court, therefore, is to admit the evidence and then afford it whatever weight the Court deems appropriate. Accordingly, the Court will deny the Secretary's Motions to Strike Professor Ntiri and Dr. Allen as witnesses, and will overrule the Secretary's objections to these experts' reports.

B. News Articles

The Secretary argues that several news articles offered by the Plaintiffs are inadmissible. The Court disagrees, except for one disputed article that is indeed inadmissible.

### 1. Objection Based on Foundation

First, the Secretary contests the admission of Plaintiffs' Exhibit 25,[1] a July 2017 report from 24/7 Wall St. outlining the most segregated metropolitan areas in America. Dkt. No. 137-8. The report identifies Detroit, Warren and Dearborn, Michigan as the most segregated metropolitan area in the United States. *Id.* at pp. 21–22 (Pg. ID 3345–46). The analysis lacks foundation under Rule 901 of the Federal Rules of Evidence, according to the Defendant, because the article does not explain the source of the data presented. Dkt. No. 132, p. 7 (Pg. ID 3174). This argument is unavailing.

Rule 901 provides that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." The report meets this standard, as it details its method for pinpointing segregated areas. Dkt. No. 137-8, pp. 20–21 (Pg. ID 3345–46). For example, the report notes that its findings reflect "census tracts with at least 500 residents in the 100 largest metropolitan areas," and its "[p]opulation data are based on five-year estimates through 2015 from the U.S. Census Bureau's American Community Survey." *Id.* at p. 21 (Pg. ID 3346). The report also accounted for segregation by income, again based on Census Bureau data. *See id.*

---

[1] The exhibit numbers used in this Opinion and Order follow those in the Joint Final Pretrial Order.

Because the report adequately explains its methodology, it satisfies Rule 901. The Court will accordingly overrule the Defendant's objection to this report.

### 2. Objections Based on Hearsay and Relevance

Second, the Secretary unsuccessfully challenges the admission of other articles on hearsay and relevance grounds. Specifically, the Court will overrule the Defendant's objections to the following articles:

> (1) Plaintiffs' Exhibit 7, a December 2012 Detroit Free Press article regarding statements by Ronald Weiser, then Finance Chairman of the Republican National Committee, and now Chairman of the Michigan Republican Party;[2]
> (2) Plaintiffs' Exhibit 8, a 2004 Associated Press article regarding remarks by then Republican, Michigan State Representative John Pappageorge;[3]
> (3) Plaintiffs' Exhibit 26, a 2016 New York Times article about Betsey DeVos (then a private citizen, but now United States Secretary of Education), and her alleged influence on Michigan State regulations affecting Detroit public schools;[4] and
> (4) Plaintiffs' Exhibit 27, a Detroit Free Press article covering Betsy DeVos's campaign contributions prior to her appointment as Education Secretary.[5]

---

[2] *See* Dkt. No. 1-17.
[3] *See* Dkt. No. 1-18.
[4] Kate Zernike, *How Trump's Education Nominee Bent Detroit to Her Will on Charter Schools*, N.Y. TIMES, Dec. 12, 2016, https://www.nytimes.com/2016/12/12/us/politics/betsy-devos-how-trumps-education-nominee-bent-detroit-to-her-will-on-charter-schools.html.
[5] Stephen Henderson, Editorial, *Devos Family Showers GOP with Contributions After DPS Vote*, DETROIT FREE PRESS, Sept. 3, 2016, https://www.freep.com/story/opinion/columnists/stephen-henderson/2016/09/03/charter-devos-money-michigan/89774760/.

Hearsay statements are those that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(c).

Additionally, at trial, irrelevant evidence is inadmissible. FED. R. EVID. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *United States v. Collins*, 799 F.3d 554, 577–78 (6th Cir. 2015) (quoting FED. R. EVID. 403). There is "an 'extremely liberal' standard for relevancy." *Id.* (quoting *United States v. Whittington*, 455 F.3d 736, 738 (6th Cir. 2006)).

Plaintiffs' Exhibits 7 and 8 are not hearsay; Plaintiffs do not offer these exhibits for their truth. Instead, the articles relate to whether there have been racial appeals in Michigan political campaigns, consistent with the *Gingles* factors analyzed under Section 2 of the Voting Rights Act ("VRA"). *See Thornburg v. Gingles*, 478 U.S. 30 (1986). For this reason, Plaintiffs' Exhibits 7 and 8 are not hearsay and are relevant.

As for Plaintiffs' Exhibits 26 and 27, the Defendant argues these exhibits are inadmissible because 42 U.S.C. § 1983 requires unlawful conduct by a state actor, and the individuals involved in the articles are not state actors, the named

Defendant, or members of the state legislature.  *See* Dkt. No. 132, pp. 7–8 (Pg. ID 3174–75).  The Secretary is mistaken.

This evidence is relevant to a *Gingles* consideration under Section 2 of the VRA, namely whether state legislators have been responsive to the particularized needs of their minority constituents.  Accordingly, Plaintiffs' Exhibits 26 and 27 are admissible.

The Defendant is correct, however, about the inadmissibility of a December 2017 Detroit Free Press article.[6]  The article describes allegedly "odious ideas" of the Republican Party.  *Id.*  Plaintiffs offer the article as evidence of racial appeals in political campaigns, a *Gingles* consideration under Section 2 of the VRA.  Dkt. No. 137, p. 8 (Pg. ID 3207).

But, this article is not relevant.  It contains generalizations regarding the Republican Party without connecting these conclusions to specific events, and reflects only one person's opinion.  The article, then, does not make it more or less likely that racial appeals have occurred in political campaigns.  Consequently, the Court will sustain the Defendant's objection to this article.

---

[6] *See* Stephen Henderson, Editorial, *Beyond Roy Moore? GOP's Association with Odious Ideas Doesn't Stop with Alabama Senate*, DETROIT FREE PRESS, Dec. 14, 2017, https://www.freep.com/story/opinion/columnists/stephen-henderson/2017/12/14/roy-moore-gop-support/951058001/.  The article was not listed as an exhibit in the Joint Final Pretrial Order.  Yet the Plaintiffs confirmed that they intend to offer this evidence.  *See* Dkt. No. 137, p. 8 (Pg. ID 3207).

C. Legislators' Deposition Testimony and Accompanying Exhibits

Lastly, the Defendant asks the Court to exclude deposition testimony, and accompanying exhibits, from the following current or former Michigan State legislators: (1) Senator Marty Knollenberg, the sponsor of Senate Bill 13; (2) Senator David Robertson, former Chair of the Committee on Elections and Government Reform; (3) Senate Majority Leader Arlan Meekhof; and (4) Lisa Posthumus Lyons, former Chair of the House Committee on Elections. *See* Dkt. No. 132. The Secretary makes two arguments about why this evidence is inadmissible. None are persuasive.

First, she argues that testimony from individual legislators is not relevant because a single legislator's testimony cannot show the entire legislature's motivation. *Id.* at p. 10 (Pg. ID 3177). Next she contends that this testimony does not demonstrate legislative intent as Plaintiffs offer evidence in the form of text messages and emails, and not an official record (e.g. legislative or administrative history). *Id.* at pp. 10–11 (Pg. ID 3177–78).

Yet these arguments address the weight of the evidence, not whether the evidence is admissible. The Defendant cites in support, for example, *N.C. State Conference of NAACP v. McCrory*, 831 F.3d 204, 229 (4th Circuit 2016), *cert. denied*, —— U.S. ——, 137 S. Ct. 1399, 198 L. Ed. 2d 220 (2017) (mem.). There, although the Fourth Circuit found "that statements from only a few legislators, or

9

those made by legislators after the fact, are of limited value," it did not conclude that these statements were irrelevant. *Id.* Likewise, the Sixth Circuit implicitly acknowledged as relevant "[a] racially tinged statement by one legislator" made during a committee meeting. *Ne. Ohio Coal. for the Homeless v. Husted*, 837 F.3d 612, 637 (6th Cir. 2016).

Based on the above analysis, the Court will admit the disputed deposition testimony and related exhibits of current or former Michigan State legislators.

## III. Conclusion

The Defendant has filed three evidentiary motions in opposition to evidence offered by the Plaintiffs. The Secretary moved to strike Plaintiffs' expert witnesses Professor Ntiri and Dr. Allen, or to exclude these experts' reports from the evidence presented at trial [130, 131]. The Secretary also filed a motion objecting to other evidence, including news articles and deposition testimony from current or former Michigan State legislators. The Court will DENY the Defendant's Motions to Strike Plaintiffs' expert witnesses [130, 131]. The Court will also OVERRULE the Secretary's evidentiary objections, except for the objection to the December 2017 Detroit Free Press article [130, 131, 132]. The Court will SUSTAIN the Defendant's objection to that article.

IT IS SO ORDERED.

Dated: March 7, 2018                                /s/Gershwin A. Drain
                                                    GERSHWIN A. DRAIN
                                                    United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 7, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk